## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## KENT BROS. TRANSPORTATION CO., Respondent.

No. 71-2533.

United States Court of Appeals, Ninth Circuit.

March 31, 1972.

Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Chief of Spec. Litigation, William H. DuRoss, III, Washington, D. C., for petitioner.

Eli A. Weston, of Roden, Weston & Rowe, Boise, Idaho, for respondent.

Before KOELSCH, DUNIWAY and GOODWIN, Circuit Judges.

PER CURIAM:

This is a petition to enforce an order of the National Labor Relations Board, issued against the respondent Gilbert Kent, under his assumed business name Kent Bros. Transportation Co. The Board found that respondent had violated Sections 8(a)(1) and 8(a)(3) of the Labor Management Relations Act, in that he had intimidated and discharged employees because of their union activities.[1]

■■ Respondent raises the threshold question of whether or not the Board possessed power to make the order; he urges that his employees, whose rights were found to be violated, were "agricultural laborers," a class expressly excluded from the purview of the Act.[2] Respondent was not engaged in farming; he was a contract carrier by motor truck of farm produce grown by others; the employees in question were his truck drivers, who operated a part of the fleet of trucks with which he hauled such agricultural products from farm to market. Respondent's employees were thus not "agricultural laborers."[3] N.L.R.B. v.

1. Section 8(a) (1) and 8(a) (3) make it an unfair labor practice for an employer to "(1) interfere with, restrain, or coerce employees in the exercise of the rights guaranteed by Section 7 of this title; * * * "(3) by discrimination in regard to hire or tenure of employment . . . to . . . discourage membership in any labor organization. . . ." 29 U.S.C. § 158(a) (1), (a) (3).

2. 29 U.S.C. § 152(3) provides that the term "employee" used throughout the Act "shall not include any individual employed as an agricultural laborer. . . ."

3. The L.R.M.A. does not define the term "agricultural laborer" appearing in 29 U.S.C. § 152(3). However, as stated in N.L.R.B. v. Strain, infra, "Since 1946, Congress has added a rider to the N.L.R.B.'s appropriation bill providing that no part of the appropriation shall be used in connection with bargaining units composed of 'agricultural laborers' as defined in Section 3(f) of the FLSA (Fair Labor Standards Act). 'Agriculture' is thus defined to include: ' . . . farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing and harvesting of any agricultural or horticultural commodities . . . and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including . . . delivery to storage or to market . . . . ' " 405 F.2d 1025 at 1027–1028.

Farmers Reservoir and Irrigation Co. v. McComb, 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672 (1949) is instructive with respect to the jurisdictional issue raised by respondent. There, the Court pointed out that the definition set out in Section 3(f) has "two distinct branches. First, there is the primary meaning. Agriculture includes farming in all its branches. Certain specific practices such as cultivation and tillage of the soil, dairying, etc. are listed as being included in this primary meaning. Second, there is the

Olaa Sugar Co., 242 F.2d 714 (9th Cir. 1957); N.L.R.B v. Strain Poultry Farms, Inc., 405 F.2d 1025 (5th Cir. 1969).

Turning to the merits, we are clear that the Board's findings are supported by substantial evidence on the record considered as a whole. There being no other issues,

The Board's order will be enforced.

broader meaning. Agriculture is defined to include things other than farming as so illustrated. It includes any practices whether or not themselves farming practices, which are performed either by a farmer or on a farm, incidentally to or in conjunction with 'such' farming operations."

Here, Respondent's employees were not engaged in farming, given its "primary meaning" nor do they come within the second branch of the definition. Even granting that the work they did constituted "a practice performed as an incident to or in conjunction with farming," the exemption did not operate unless, as required by Section 3(f), the work was performed "by a farmer or on a farm." The latter condition was, of course, not met—Kent was not a farmer.

Respondent calls attention to Section 13(a) (22) which he characterizes as a "significant amendment"; however, that section of the Farm Labor Standards Act does not modify Section 3(f) as it applies to the Labor Management Relations Act.